IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| AMERICAN STRATEGIC INSURANCE CORP., | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 3:22-cv-05073-RK |
| v. | )<br>) |
| CHRISTY GOODELL, KEITH LOVE, JOSHUA GOODELL, TYLER COFFIN, TIFFANY SLACK, I C, A MINOR CHILD, | )<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Before the Court is a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure filed by Defendants Tyler Coffin, Tiffany Slack, and I.C. (Doc. 9.) The motion is fully briefed. (Docs. 12, 14.) For the reasons outlined below, the motion is **DENIED.**

### Background

The events giving rise to this case took place on August 11, 2019, when I.C., the minor child of Tyler Coffin and Tiffany Slack, was in the care of the daycare operated by Christy Goodell out of her and Keith Love's residential home. (Doc. 1 at ¶ 4.). That day, I.C. was under Christy Goodell's care until Christy Goodell left to run errands, leaving I.C. under the care of her son, Joshua Goodell. (Doc. 1 at ¶¶ 35-37.) Joshua Goodell then allegedly raped I.C.; he was ultimately arrested and later convicted of statutory rape. (Doc. 1 at ¶¶ 38-41).

Plaintiff American Strategic Insurance Corporation had issued a homeowner's insurance policy to Christy Goodell and Keith Love that was in effect at the time of the incident. (Doc. 1 at ¶¶ 1-2.) Because Joshua Goodell was a resident in Christy Goodell's house and under her care, Plaintiff alleges that Joshua Goodell is also insured under the policy. (Doc. 1 at ¶¶ 8-11.) The policy includes several exclusions that Plaintiff argues "remove coverage for any claim asserted against Defendants Christy Goodell, Keith Love, and Joshua Goodell." (Doc. 1 at ¶¶ 12-14.)

On January 19, 2021, Attorney Daniel Molloy of Aaron Sachs & Associates, P.C., sent a letter to Christy Goodell, advising her of his representation of Tyler Coffin, Tiffany Slack, and I.C. (Doc. 12–1.) The letter further stated:

> The claim being made against you and your daycare is that you/your daycare negligently failed to supervise [I.C.], negligently failed to protect [I.C.] from sexual assault and/or injury, negligently permitted [I.C.] to be left alone with Joshua Goodell, negligently failed to supervise Joshua Goodell, negligently retained Mr. Goodell as your employee, negligently failed to retain a sufficient number of employees to supervise the children at your daycare, and ultimately, because of your negligence, [I.C.] was raped by Joshua Goodell.
>
> If you have any insurance policy that may cover the claim being asserted against you, your business and/or your son, you will need to put the insurer(s) on notice of this claim.
>
> You should take this letter very seriously and get in contact with your insurer(s) immediately.

(*Id.*) On February 7, 2022, Christy Goodell filed a liability claim with Plaintiff, requesting coverage under the insurance policy. (Doc. 12–2). On February 9, 2022, Attorney Molloy sent a letter to Plaintiff, asserting a statutory attorney's lien pursuant to § 484.140, RSMo, and informing Plaintiff that his "contingency fee is 40% of the total aggregate recovery, plus expenses." (Doc. 12-3).

On September 22, 2022, Plaintiff filed its Complaint against Defendants Christy Goodell, Keith Love, Joshua Goodell, Tyler Coffin, Tiffany Slack, and I.C., a minor child. (Doc. 1.) Plaintiff seeks a Declaratory Judgment against Defendants. (Doc 1 at ¶¶ 1-3.) Plaintiff asks the Court to declare that it has no duty to defend and indemnify Defendants Christy Goodell, Keith Love, and Joshua Goodell pursuant to the terms of the insurance policy it issued to Christy Goodell and Keith Love.[1] (Doc. 1 at 17-18.) On October 6, 2022, Tyler Coffin, Tiffany Slack, and I.C. filed a motion to dismiss for lack of subject matter jurisdiction. (Doc. 9.)

## Legal Standard

"Because declaratory judgment is a procedural remedy set forth by federal statute, federal law guides the Court's jurisdictional analysis." *Fed. Ins. Co. v. Sammons Fin. Grp., Inc.*, 595 F. Supp. 2d 962, 971 (S.D. Iowa 2009) (citing *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 680 (1950)). Dismissal of an action is appropriate if the court does not have subject matter

---

[1] Defendants Joshua Goodell, Christy Goodell and Keith Love failed to answer or otherwise respond to Plaintiff's Complaint; therefore, on October 31, 2022, Plaintiff filed a motion for Clerk's Entry of Default. (Docs. 15-17.) On November 7, 2022, the Clerk of the Court made an Entry of Default against Defendants Joshua Goodell, Christy Goodell, and Keith Love. (Doc. 20.)

jurisdiction over a claim. *Croyle ex rel. Croyle v. United States.*, 908 F.3d 377, 380 (8th Cir. 2018); Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction refers to the court's power to decide a certain class of cases." *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). Federal courts are courts of limited jurisdiction and cannot hear a claim unless specifically authorized by the Constitution or a federal statute. *Rasul v. Bush*, 542 U.S. 466, 489 (2002).

The party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence. *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018). "It is to be presumed that a cause lies outside [of the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

In a case filed pursuant to the Court's diversity-of-citizenship jurisdiction such as this one, the Court "will not address a plaintiff's claims unless the plaintiff meets the 'case or controversy' requirements of [A]rticle III of the Constitution and also has standing to sue under the relevant state law." *Wolfe v. Gilmour Mfg. Co.*, 143 F.3d 1122, 1126 (8th Cir. 1998). "In the context of a declaratory judgment action, an 'actual controversy' exists if, 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Fed. Ins. Co.*, 595 F. Supp. 2d at 971 (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

## Discussion

Defendants Tyler Coffin, Tiffany Slack, and I.C. argue that this Court lacks subject matter jurisdiction because Plaintiff's claim is not ripe and because Plaintiff lacks standing. (Doc. 9 at 2-3.)

### I. Ripeness

Defendants argue Plaintiff's claim is not ripe because Defendants have neither filed a lawsuit nor made a formal demand for Plaintiff to make an indemnity payment. (Doc. 9 at 4-5.). Plaitiff asserts that, although Mr. Coffin, Ms. Slack, and I.C. have not filed suit, insurers who deny that coverage exists under a policy for liabilities of their insureds that are contingent or unadjudicated may, consistent with Article III's case-and-controversey requirement, nonetheless bring a complaint for declaratory judgment that it will have no duty to defend or indemnify its insured.

A plaintiff's claims must be ripe to seek declaratory judgment. Ripeness "flows both from the Article III 'cases' and 'controversies' limitations and also from prudential considerations for refusing to exercise jurisdiction." *Neb. Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F3d 1032, 1037 (8th Cir. 2000). To determine if a case is ripe for adjudication, courts generally examine "the fitness of the issues for judicial decision and the hardship of the parties of withholding court consideration." *Pub. Water Supply Dist. No. 10 of Cass Cnty. v. City of Peculiar*, 345 F.3d 570, 572-73 (8th Cir. 2003) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). Plaintiff must "necessarily satisfy both prongs to at least a minimal degree." *Id*. at 573 (quoting *Nebraska Pub.*, 234 F.3d at 1039.)

Under the first prong, a case that "would benefit from further factual development" is not fit for judicial decision. *Id.* (determining the issue unfit for judicial review because it was "dependent on facts" which would "focus the dispute."). If the case "poses a purely legal question and is not contingent on future possibilities," it is more likely to be ripe. *Id.*; *see State of Mo. ex rel. Mo. Highway & Transp. Comm'n v. Cuffley*, 112 F.3d 1332, 1338 (8th Cir. 1997) (recognizing that "a federal court is neither required nor empowered to wade through a quagmire of what-ifs"); *Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'") (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985)).

The second prong requires Plaintiff to allege it "has sustained or is immediately in danger of sustaining some direct injury[.]" *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (quoting *Massachusets v. Mellon*, 262 U.S. 447, 488 (1923)). Plaintiff's threatened injury must be "certainly impending" in order to be ripe. *See Paraquad, Inc. v. St. Louis Hous. Auth.*, 259 F.3d 956, 958-59 (8th Cir. 2001) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)); *Pub. Water Supply*, 345 F.3d at 573 (determining that plaintiff's injury was merely speculative because "no petition . . . has been filed, and it is not clear that a petition will ever be filed.").

Christy Goodell's receipt of Tyler Coffin, Tiffany Slack, and I.C.'s attorney's letter of representation setting forth Tyler Coffin, Tiffany Slack, and I.C.'s claims and Tyler Coffin, Tiffany Slack, and I.C.'s attorney's notice of statutory lien, combined with Christy Goodell's filing of a liability claim with Plaintiff give rise to a "certainly impending claim." *Clarendon Nat. Ins. Co. v. United Fire & Cas. Co.*, 571 F.3d 749, 752 (8th Cir. 2009) (demand for insurer of vehicle owner

4

to be involved in the defense of the anticipated suits by injured parties is enough to create an actual controversy and give insurer the right to bring a declaratory judgment action determining priority of coverage as against insurer of lessee of vehicle); *Aetna Cas. & Sur. Co. v. Gen. Dynamics Corp.*, 968 F.2d 707, 711 (8th Cir.1992) (recognizing a live justiciable controversy in a declaratory judgment action where an insured "made a clear demand for payment of defense and indemnity costs" against its insurer even though "no suits had yet been filed nor any settlements reached[.]"); *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992) (finding claim ripe because "[the appellee] made a demand on the appellant and appellant has contended that there are no circumstances under which it can owe [the appellee] any money."); *see also Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir.1998) ("An actual controversy may exist when an insurance carrier seeks a declaratory judgment that it has a duty neither to defend nor indemnify its insured in a state court action that has not yet proceeded to judgment.").

Under Missouri law,[2] "the duty to defend is broader than the duty to indemnify." *McCormack Baron Mgmt. Servs., Inc. v. Am. Guarantee & Liab. Ins.*, 989 S.W.2d 168, 170 (Mo. 1999). Whether Plaintiff has a duty to defend is generally determined "by comparing the language of the insurance policy with the allegations in the complaint." *Id.* (explaining "[i]f the complaint merely alleges facts that give rise to a claim potentially within the policy's coverage, the insurer has a duty to defend."). On the other hand, a duty to indemnify "only arises after the suit by the third party is successful and the insurer becomes obligated to pay the resulting judgment." *Id.* (quoting JOHN A. APPELMAN & JEAN APPELMAN, 10 INSURANCE LAW AND PRACTICE § 4648 (rev. vol. 1976)); *see Amerisure Mut. Ins. Co. v. Paric Corp.*, No. 4:04CV430 DJS, 2005 WL 2708873, at *9 (E.D.Mo. Oct. 21, 2005) ("A finding in the underlying actions that [the defendant] is not liable would make this Court's determinations as to the duty to indemnify merely advisory opinions.").

Plaintiff argues that because its duty to defend can be determined solely by "facts known or that should be known by the insurer," its claim is ripe for adjudication. (Doc. 12 at 11). The Court agrees. Such facts can indeed be taken into consideration. *See Standard Artificial Limb, Inc. v. Allianz Ins. Co.*, 895 S.W.2d 205, 210 (Mo. Ct. App. 1995) (explaining that "a liability insurer's duty to defend does not depend alone upon the allegations of the petition filed against the

---

[2] Neither party disputes that Missouri law governs interpretation of the policy and determination of the duty to defend and indemnify.

insured."); *Farm Bureau Town & Country Ins. Co. of Mo. v. Turnbo*, 740 S.W.2d 232, 234 (Mo. Ct. App. 1987) ("The petition, however, is not controlling when facts known or which reasonably should have been known to the insurer establish the existence or nonexistence of the duty to defend."). In fact,

> [a]n insurance company has a duty to defend an insured when the insured is exposed to *potential* liability to pay based on the facts known at the outset of the case, no matter how unlikely it is that the insured will be found liable and whether or not the insured is ultimately found liable.

*Commc'ns Unlimited, Contracting Servs., Inc. v. Broadband Infrastructure Connection, LLC*, 558 F. Supp. 3d 773, 789 (E.D. Mo. 2021) (quoting *Truck Ins. Exch. v. Prairie Framing, LLC*, 162 S.W.3d 64, 79 (Mo. Ct. App. 2005) (emphasis in original)). Further, "'[t]o extricate itself from a duty to defend the insured, the insurance company must prove that there is *no possibility* of coverage.'" *Id.* (emphasis in original).

Thus, although Defendants have not filed suit, Plaintiff's claim is fit for judicial review in light of Christy Goodell's receipt of Tyler Coffin, Tiffany Slack, and I.C.'s attorney's letter of representation setting forth Tyler Coffin, Tiffany Slack, and I.C.'s claims; Tyler Coffin, Tiffany Slack, and I.C.'s attorney's notice of statutory lien; and Christy Goodell's filing of a liability claim with Plaintiff. Additionally, hardship would beset Plaintiff if it is forced to wait until Defendants file a complaint to determine its duty to defend, as the duty "arises 'when there is a potential or possible liability to pay based on the facts at the outset of the case.'" *Id.* (quoting *Allen v. Cont'l W. Ins. Co.*, 436 S.W.3d 548, 552 (Mo. 2014)). Therefore, Plaintiff's request that the Court declare it is "under no obligation to defend" is ripe for adjudication. (*See* Doc. 1 at ¶ 76.)

## II.     Standing

Tyler Coffin, Tiffany Slack, and I.C. also argue that under Missouri law, Plaintiff does not have standing to sue because they are not parties to the insurance agreement. (Doc. 9 at 10.) In a diversity case, as here, Plaintiff must (1) meet the "'case or controversy' requirements of [A]rticle III of the Constitution and also [(2) have] standing to sue under the relevant state law." *Wolfe*, 143 F.3d at 1126.

### A. Article III Standing

The Court finds Plaintiff has satisfied the constitutional requirements to establish standing.

Although standing and ripeness are separate doctrines, "they are closely related in that each focuses on 'whether the harm asserted has matured sufficiently to warrant judicial intervention.'"

6

*Johnson v. Missouri*, 142 F.3d 1087, 1090 n.4 (8th Cir. 1998) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 n.10 (1975)). Standing is an "essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In order for a plaintiff to have standing, three elements must be met: (1) an injury in fact; (2) a causal connection between the injury and conduct complained of; and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 462 U.S. 26, 38, 42-43 (1976)).

The Declaratory Judgment Act "does not [itself] provide [Plaintiff] a means for standing or relief." *See Mitchell v. Dakota Cnty. Soc. Serv.*, 959 F.3d 887, 897 n.2 (8th Cir. 2020); 28 U.S.C. §§ 2201-2202. Plaintiff must still assert an actual case or controversy. *See Md. Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). To determine if there is standing under the Declaratory Judgment Act, the Court must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.*

First, the Court finds that Plaintiff adequately alleges an injury in fact. Because Plaintiff seeks a declaratory judgment, "no actual wrong need have been committed or loss have occurred in order to sustain the action." *Cnty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 463 (8th Cir. 2004) (quoting *Horne v. Firemen's Ret. Sys. of St. Louis*, 69 F.3d 233, 236 (8th Cir. 1995)). However, Plaintiff must show that "it is in immediate danger of sustaining threatened injury traceable to an action of [Defendants]." *Id.* at 464. "Allegations of possible future injury do not satisfy" standing requirements. *Sch. of the Ozarks, Inc. v. Biden*, 41 F.4th 992, 997 (8th Cir. 2022) (explaining that "[a]n injury in fact is the invasion of a legally protected interest that is 'actual or imminent, not conjectural or hypothetical'") (quoting *Lujan*, 504 U.S. at 560).

Plaintiff presents strong indications that Defendants intend to file a lawsuit, including Tyler Coffin, Tiffany Slack, and I.C.'s attorney's letter of representation setting forth their claims and letter asserting statutory attorney's lien, as well as Christy Goodell's filing of a liability claim with Plaintiff. As such, the Court finds Plaintiff has established an injury-in-fact.

Second, Defendants do not dispute that there is a causal connection between Plaintiff's alleged injury and Defendants' speculated potential conduct. When the causal connection "depends on the decision of an independent third party," Plaintiff must "show at the least 'that

7

third parties will likely react in predictable ways.'" *California v. Texas*, 141 S. Ct. 2104, 2117 (2021) (quoting *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2566 (2019)). Here, Plaintiff's showing of Tyler Coffin, Tiffany Slack, and I.C.'s attorney's letter of representation setting forth their claims and letter asserting statutory attorney's lien, as well as Christy Goodell's filing of a liability claim with Plaintiff are also sufficient to show that Defendants Tyler Coffin, Tiffany Slack, and I.C. will likely file suit or make a formal demand for settlement.

Third, the Court finds that Plaintiff's alleged injury is redressable by a declaratory judgment given Plaintiff's alleged injury is not merely hypothetical, but rather, can be ascertained in light of Tyler Coffin, Tiffany Slack, and I.C.'s attorney's letter of representation setting forth their claims and letter asserting statutory attorney's lien, as well as Christy Goodell's filing of a liability claim with Plaintiff. And, its duty to defend may be determined under Missouri law based upon facts known or that should be known by the insurer, including said documents and the policy. *See Standard Artificial Limb, Inc.*, 895 S.W.2d at 210; *Farm Bureau Town & Country Ins. Co. of Mo.*, 740 S.W.2d at 234.

Because the Court finds Plaintiff alleges an injury-in-fact traceable to Defendants' conduct and that Plaintiff's injury is redressable by the relief sought, Plaintiff's declaratory judgment action meets federal standing requirements.

### B. Standing Under Missouri Law

Finally, Plaintiff has standing under Missouri law to pursue its claim for declaratory judgment against Defendants. A party to a contract has standing to obtain a declaration of its contractual rights, status and legal relationships under that contract. *Carden v. Mo. Intergovernmental Risk Mgmt. Ass'n,* 258 S.W.3d 547, 558–59 (Mo. Ct. App. 2008). Plaintiff is a party to the insurance policy. As such Plaintiff has standing for its declaratory judgment claims.

### Conclusion

Plaintiff has standing and its claims are ripe. The court therefore has subject matter jurisdiction. Accordingly, the motion to dismiss filed by Defendants Tyler Coffin, Tiffany Slack, and I.C. is **DENIED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 16, 2023